IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03012-BNB

DAWANE MALLETT, #13944-097,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 8 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Dawane Mallett, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary Administrative Maximum in Florence, Colorado. Mr. Mallett has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. Mr. Mallett was granted leave to proceed *in forma pauperis* on January 26, 2010.

The Court must construe the Application liberally because Mr. Mallett is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

In the Application, Mr. Mallett asserts five claims.  First, he asserts that he filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in the United States District Court for the Eastern District of Texas (Eastern District of Texas) in November 2007, and that the Eastern District of Texas has failed to rule on that motion.  Application at 3.  Second, he asserts that during his criminal trial, his Sixth Amendment right was violated because he was unable to obtain one of his desired witnesses.  *Id.*  Third, he asserts that his right to effective assistance of counsel was violated because his trial counsel failed to investigate his case.  *Id.* at 4.  Fourth, he asserts that his Fifth Amendment right to due process was violated when he was denied the right to "be heard by a jury or peer's [sic]."  *Id.* at 5.  Finally, he alleges that his Fifth Amendment right to due process was violated by improper jury instructions given during his criminal trial.  *Id.*

According to www.pacer.psc.uscourts.gov, Mr. Mallett was convicted by a jury in the Eastern District of Texas on charges of assaulting a federal corrections officer and possessing a weapon in Criminal Action No. 1:05-cr-00057-RC-ESH-1.  On July 10, 2006, he was sentenced to a term of 216 months of imprisonment.  On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed his conviction  *See* *United States v. Mallett*, 2007 WL 2962520 (5th Cir. Oct. 11, 2007) (unpublished decision).

Mr. Mallett filed a *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in the Eastern District of Texas on November 26, 2007 in Civil Action No. 1:07-cv-00922-RC-ESH.  On December 11, 2009, after evaluating the

2

merits of Mr. Mallett's claims, Magistrate Judge Earl S. Hines recommended that the § 2255 motion be denied. Mr. Mallett filed an objection to the Report and Recommendation on December 29, 2009, and on January 8, 2010, District Judge Ron Clark entered an order overruling the objections and adopting the magistrate judge's recommendation. Final judgment in Mr. Mallett's § 2255 action entered on January 8, 2010.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

In the instant case, it is clear that Mr. Mallett is not challenging the execution of his sentence, but instead, claims that the sentence itself is invalid. However, Mr. Mallett has failed to allege that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Moreover, the simple fact that Mr. Mallett has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Mallett likely is barred from raising his constitutional claims in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

Finally, the Tenth Circuit has found that § 2255 provides an inadequate or ineffective remedy when the sentencing court "delays inordinately" consideration of the motion. *Id.* at 1178 (citing *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965)).

4

However, the fact that the Eastern District of Texas denied Mr. Mallett's § 2255 motion on January 8, 2010, moots his claim that the sentencing court has neglected to address the merits of his motion.

In sum, the Court finds that Mr. Mallett has failed to demonstrate that the remedy available to him in the Eastern District of Texas pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to address his claims challenging the validity of his conviction and sentence.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Mallett fails to assert that the remedy available pursuant to 28 U.S.C. § 2255 is ineffective and inadequate.

DATED at Denver, Colorado, this ᴐ day of February , 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03012-BNB

Dawane Arthur Mallett
Reg No. 13944-097
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **2/8/10**

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk